929 F.2d 693
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
METROLINA FAMILY PRACTICE GROUP, P.A., the Durwood Medical
Clinic, Incorporated, North Mecklenburg Family Practice
Group, P.A., Thomas Dunlin, M.D., Charlotte Medical Clinic,
P.A., Ralph V. Kidd, M.D., Mecklenburg Medical Group, P.A.,
Travis Medical Clinic, P.A., Kouri Medical Clinic, P.A.,
Charlotte Internal Medicine Associates, Plaintiffs-Appellants,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
U.S. Department of Health & Human Services,
Defendants-Appellees.
 No. 90-2320.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 29, 1990.
Decided March 25, 1991.
 
 Appeal from the United States District Court for the Western District of North Carolina at Charlotte. James B. McMillan, Senior District Judge. (CA-88-436-C-C-M)
 William L. Auten, Charlotte, N.C. (Argued), for appellants; Stanley A. Gertzman, Charlotte, N.C., on brief.
 Bruce G. Forrest, Civil Division, United States Department of Justice, Washington, D.C. (Argued), for appellees; Stuart M. Gerson, Assistant Attorney General, Barbara C. Biddle, Civil Division, United States Department of Justice, Washington, D.C., Thomas J. Ashcraft, United States Attorney, Charlotte, N.C., on brief.
 W.D.N.C.
 AFFIRMED.
 Before K.K. HALL and MURNAGHAN, Circuit Judges, and JOSEPH H. YOUNG, Senior United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 Plaintiffs are doctors or practitioners' groups who render physicians' services under Part B of the Medicare program. The plaintiffs have sought to attack statutory provisions limiting and placing ceilings on what they may charge Medicare patients. The plaintiffs' complaint, as amended, presents a facial constitutional challenge to seven provisions of Medicare Part B. There are no disputed facts. The case raises only two issues, and was, on cross motions for summary judgment, decided in favor of the Secretary of Health and Human Services. First, there is a question of standing vel non. Second, whether older notions of liberty of contract and of the proper role of federal government power which have fallen out of favor are to be resuscitated.
 
 
 2
 The government has argued that the doctors lack standing to assert their tenth amendment claims. It has been contended that only states, and not private parties, can challenge congressional legislation under the tenth amendment. The government has argued that to let individuals assert the state's rights runs squarely into "the general prohibition on a litigant's raising another person's legal rights." Allen v. Wright, 468 U.S. 737, 750 (1984).
 
 
 3
 Although the government has correctly stated the law, the doctors do not assert the rights of others: they claim that they have suffered "injury in fact" as a result of being regulated by the federal government rather than the state. The plaintiffs allege that they would make more money but for the regulation about which they complain. We affirm the district judge's conclusion that "[t]he plaintiffs are permitted to assert that the medicare provisions infringe upon state sovereignty under the Tenth Amendment."
 
 
 4
 As for the tenth amendment issues, and the fifth amendment issues also, the district judge has provided cogent, correct and succinct Findings of Fact and Conclusions of Law which we approve and adopt.
 
 The judgment is accordingly
 
 5
 AFFIRMED.